McCAIN, DAVID L., Associate Judge
(concurring specially):
I agree with the majority but would also reverse and remand for a new trial because of the following:
The only testimony of intoxication came from a pathologist, who testified to the blood alcohol content of a blood sample, supposedly taken from the defendant, while being treated in the hospital following the accident. That a blood specimen was taken from the defendant, was established. Thereafter, the evidence concerning the chain of custody became vague, indefinite and fraught with hearsay. The blood analysis testified to by the pathologist was made six days later, and not by him but by a person in his employ. Furthermore, the pathologist could not with any reasonable degree of certainty identify the specimen as coming from the defendant.
The specimen’s chain of transmission in this case was so insufficiently demonstrated that its identification with the defendant was not established. It cannot be left to conjecture as to who had the blood specimen and what was done with it between the taking and the analysis. See Annot., 21 A.L.R.2d 1220, § 4; Evidence — Specimen From Human Body, The Chain of *48 Evidence Method of Identification, and 3 A.L.R.2d Later Case Service, 418, § 4.
Neither defendant’s failure to object to the pathologist’s testimony nor the state’s use of the testimony without offering the blood specimen into evidence renders harmless the failure to establish continuity of possession. In the interest of justice I deem this fundamental error. F.A.R. 3.7i. See the pronouncement of Fowlkes v. State, Fla.App. 1957, 100 So.2d 826, stating:
“* * * Because of the inconclusive character of the evidence in this case we are impelled to conclude that the ends of justice require that the cause be remanded for a new trial.”
For this additional reason, I would reverse this cause and remand it for a new trial.